UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNUEN GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>DOE WHITE TRUCKING COMPANY, et al.,<br><br>    Defendants. | Case No. 20-cv-00134-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MERITOR, INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

On January 27, 2020, defendant Meritor, Inc. filed the instant motion to dismiss plaintiff's second amended complaint ("SAC") for (1) insufficient service of process, (2) failure to bring a claim within the statute of limitations, and (3) failure to state a claim. Dkt. No. 19 at 2 (Motion to Dismiss). Pursuant to Civil Local Rule 7-1(b) the Court hereby vacates the March 13, 2020, hearing. The motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiff Yunuen Garcia is the administrator for the Estate of Sugey A. Garcia Chavez. Dkt. No. 31-2 at 2 (SAC)[1]. On July 20, 2016, plaintiff's sister, Sugey A. Garcia Chavez, was traveling northbound on US Highway 101 near Willits, in Mendocino County, California, when the brake drum of a tractor-trailer fell and "[struck] the roadway surface directly ahead" of Ms. Garcia Chavez. *Id.* at 6 (SAC). Ms. Garcia Chavez was unable to avoid the brake assembly in the roadway and a

---

[1] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents.

large portion of the brake assembly collided with Ms. Garcia Chavez. *Id.*; see also Dkt. No. 31-3 at 17 (Ex. B, Krankemann Decl. – Highway Patrol Report). The truck-trailer continued traveling northbound on the highway. Dkt. No. 31-3 at 17 (Ex. B, Krankemann Decl. – Highway Patrol Report). After the accident, Ms. Garcia Chavez was found unresponsive and she later succumbed to fatal injuries. *Id.* Despite descriptions by multiple witnesses, as well as a review of all video footage of the collision, the identity of the tractor-trailer is unknown. *Id.* at 18.

On July 18, 2018, plaintiff filed a complaint in the Superior Court of California against defendants Doe White Trucking Company, Dayton Brake Drum Company, Meritor Parts Company, Dayton Parts LLC, Fasle Company, and Does 1-50. Dkt. No. 19 at 7 (Motion to Dismiss). Plaintiff subsequently filed a first amended complaint on July 19, 2018, and a second amended complaint on April 12, 2019. *Id.* On November 14, 2019, plaintiff substituted Meritor Inc. for Doe 2. *Id.*

All iterations of plaintiff's complaint were filed as "form complaints." *See* Dkt. No. 31-2 at 2 (SAC). The SAC alleges defendants "failed to properly maintain, repair and/or inspect the tractor-trailer vehicle," and thus directly and proximately caused the brake drum to explode, leading to the death of plaintiff's sister. *Id.* at 6 (SAC). The SAC asserts the following causes of action: (1) motor vehicle, (2) general negligence, and (3) products liability. *Id.* at 4. Under the products liability cause of action, the SAC alleges strict liability and breach of implied warranty. *Id.* at 7.

On January 6, 2020, defendant Meritor removed the case to federal court. Dkt. No. 1 (Notice of Removal). Meritor filed a motion to dismiss on January 27, 2020. Dkt. No. 19 (Motion to Dismiss).

**LEGAL STANDARD**

**I.    Rule 12(b)(4) & 12(b)(5)**

A federal court has jurisdiction over a defendant only if the defendant has been properly served under Fed. R. Civ. P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Long v. McAfee*, No. 19-cv-00898, 2019 U.S. Dist. LEXIS 185432, at *4 (E.D. Cal. Oct. 25, 2019). "Mere notice that a lawsuit is pending is not sufficient." *Razavi v. Regis Corp.*, 2016 U.S. Dist. LEXIS 2499, at *4 (N.D. Cal. Jan. 8, 2016).

2

United States District Court
Northern District of California

However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists*, 840 F.2d at 688 (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)); *see also Long*, 2019 U.S. Dist. LEXIS 185432, at *5.

Rule 12(b)(4) allows a defendant to challenge the content of the summons. Fed. R. Civ. P. 12(b)(4); *U.S.A. v. Nutrasource, Inc. v. CAN Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1127 (C.D. Cal. 2015). "Dismissals for defects in the form of summons are generally disfavored." *Nutrasource*, 140 F. Supp. 2d at 1052. Summons defects are considered "technical" and "not a ground for dismissal unless the defendant demonstrates actual prejudice." *Nutrasource*, 140 F. Supp. 2d at 1052-1053 (citing *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)); *see also UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

Under Rule 12(b)(5), a defendant may challenge the method of service attempted by plaintiff. Fed. R. Civ. P. 12(b)(5); *Nutrasource*, 140 F. Supp. 2d at 1052. The district court has discretion to either dismiss the action or quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Almont Ambulatory Surgery Ctr.*, 99 F. Supp. 3d at 1127 (quoting *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)). Because the line between a Rule 12(b)(4) and 12(b)(5) motion "often becomes blurred in practice," courts have addressed this issue by "treat[ing] a combination of the two motions as a proper procedure." *Id.*

**II. Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. Pro. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*,

3

129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

**I.    SAC's Compliance with Federal Pleading Standards**

Defendant Meritor argues the SAC fails to meet federal pleading standards, arguing the complaint does not set forth specific elements of the claims or provide specific factual allegations regarding count 1 (motor vehicle) and count 2 (negligence). Dkt. No. 19 at 10-12 (Motion to Dismiss). While the form complaint met California standards, Meritor argues it fails under *Iqbal* and *Twombly*. *Id.* at 11.

Once an action is removed, federal law governs the pleading standards required for plaintiff's complaint to survive a 12(b)(6) motion. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (although a plaintiff's complaint was initially filed in state court, it was the federal—and not state—pleading standards that applied to the complaint after removal). In fact, a "Rule 12(b)(6) motion considers the substantive sufficiency of the pleadings as if the action had never been in state court." *Wendell v. Johnson & Johnson*, 2010 U.S. Dist. LEXIS 4188, at *7 (N.D. Cal. Jan. 20, 2010) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, Local No. 70 of Alameda County, 415 U.S. 423, 437 (1974)).

1    Plaintiff's SAC was filed using California Judicial Council forms and provides bare bones allegations that fail to meet federal pleading standards. The Court therefore GRANTS defendant's motion to dismiss under 12(b)(6) with leave to amend. Any amended complaint should make clear exactly which causes of action are asserted against defendant Meritor Inc. with sufficient facts in support thereof.

## II.     Timeliness of Plaintiff's Claims

Defendant Meritor argues the SAC should also be dismissed under Rule 12(b)(6) because plaintiff failed to bring her claims against Meritor within the two-year statute of limitations period, rendering them untimely. Dkt. No. 19 at 8 (Motion to Dismiss). The underlying incident occurred on July 20, 2016, giving plaintiff until July 20, 2018 to bring her claim against Meritor. *Id.* at 9. Plaintiff's original complaint, filed on July 18, 2018, named Meritor Parts Company; plaintiff did not name *Meritor Inc.* as a defendant until November 14, 2019, over a year after the statute of limitations expired. *Id*. Meritor declaratively argues that because plaintiff named "Meritor Parts Company" in the original complaint, plaintiff knew or should have known the correct entity name is "Meritor Inc." *Id*.

Plaintiff argues she did her best to name Meritor as early as possible but her knowledge of the underlying accident was limited to the police report and accompanying photographs. Dkt. No. 31 at 19-20 (Opposition). Based on this information, the brake assembly involved in the accident was identified in a brake catalog – "MERITOR PARTS. RIGHT FROM THE START" was written on the bottom of the catalogue. *Id.* at 6 and 20 (Opposition). Only after plaintiff attempted service on Meritor Parts Company in late October 2019 did she discover no such company existed, but there *was* a "Meritor, Inc." that manufactured and distributed commercial truck parts. *Id.* at 6-7 (Opposition). On November 14, 2019, plaintiff named Meritor, Inc. in the SAC. *Id.* at 7.

Section 474 of the California Code of Civil Procedure "allows plaintiffs to substitute a fictional 'Doe' defendant in a lawsuit with a named defendant, so long as the plaintiff was unaware of the defendant's true identity at the time the prior complaint was filed." *Spitzer v. Aljoe*, No. 13-cv-05442, 2015 U.S. Dist. LEXIS 45471, at *34 (N.D. Cal. Apr. 6, 2015) (quoting *Felarca v.*

5

*Birgeneau*, No. 11-cv-05719, 2014 U.S. Dist. LEXIS 172306, at *12 (N.D. Cal. Dec. 12, 2014)); *see also Anderson v. Allstate Inc.*, 630 F.2d 677, 679 (9th Cir. 1980). Where the amended complaint precedes removal to federal court, the issue of whether the claims were time-barred—or whether they "relate back"—is governed by state law.[2] *Perkins v. Stars & Stripes Realty, Inc.*, No. 16-cv-00034, 2017 U.S. Dist. LEXIS 65455, at *3 n.14 (D. Alaska Apr. 28, 2017) (citing *Anderson*, 630 F.2d at 682). Further, strict compliance with § 474 is not required. *Ramirez v. City of Hayward*, No. 14-cv-01264, 2015 U.S. Dist. LEXIS 107504, at *27 (N.D. Cal. Aug. 14, 2015) (citing *Lindley v. Gen. Elec. Co.* 780 F.2d 797, 801 (9th Cir. 1986)). "California's policy in favor of litigating cases on their merits requires that the fictitious name statute be liberally construed." *Id.* (quoting *Lindley*, 780 F.2d at 801).

Although plaintiff named Meritor, Inc. in the SAC well after the two-year statute of limitations lapsed, this substitution was permitted by California law. California law provides that "a plaintiff who names a Doe defendant in a complaint has three years to discover the defendant's identity and amend the complaint accordingly." *Akhar v. Mesa*, No. 09-cv-2733, 2014 U.S. Dist. LEXIS 66505, at *12 (E.D. Cal. May 13, 2014) (citing *Lindley v. Gen. Elec. Co.* 780 F.2d 797, 799 (9th Cir. 1986)); Cal. Code Civ. Proc. §§ 474, 583.210. This procedure, however, is "available only when the plaintiff is actually ignorant of the facts establishing a cause of action against the party to be substituted for a Doe defendant." *McClatchy v. Coblentz, Patch, Duffy & Bass, LLP*, 247 Cal. App. 4th 368, 372 (2016). The defendant carries the burden of proving when plaintiff was aware of facts giving her a cause of action. *Warwick v. Univ. of the Pac.*, No. 08-cv-03904, 2008 U.S. Dist. LEXIS 97207, at *9 (N.D. Cal. Nov. 21, 2008); *see Breceda v. Gamsby*, 367 Cal. App. 2d 167, 179 (1968). Meritor fails to show how plaintiff should have known she had a cause of action against Meritor, Inc. at the time the SAC was filed or that she otherwise failed to be diligent. Here, plaintiff made a good faith effort to determine the defendants against whom she had a cause of action. Applying California's liberal standard, plaintiff may substitute Meritor, Inc. for a Doe defendant

---

[2] Here, plaintiff's SAC—filed on April 12, 2019, in California state court—preceded removal to federal court on January 6, 2020. Thus, California law applies in determining whether plaintiff's claims are timely.

6

and thus the claims against Meritor, Inc. are timely and defendant's motion to dismiss the complaint as untimely is DENIED.

### III. Sufficiency of Service of Process

Defendant Meritor argues plaintiff's SAC should be dismissed for deficient service of process under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Dkt. No. 19 at 13-14 (Motion to Dismiss). Defendant argues service of process was fatally improper and did not comply with California[3] law, specifically (1) Meritor, Inc. is not identified on the summons, (2) no box is checked in the statutory notice section of the summons, which is impermissible per CCP § 412.30, and (3) the documents served on its registered agent did not include the amendment naming Meritor, Inc. even though the proof of service says the amendment was included. *Id.* (Motion to Dismiss). As such, Meritor concludes the SAC should be dismissed in its entirety because Meritor did not receive the mandatory notice required by law. *Id.* at 14 (Motion to Dismiss).

Plaintiff contends Meritor, Inc. *is* identified on the summons, in handwriting, at the very top of the page. Dkt. No. 31 at 10 (Opposition). Plaintiff further argues all documents were properly served on defendant Meritor's registered agent – what the registered agent gave to Meritor is unknown. *Id.* at 9-11 (Opposition). In fact, plaintiff argues, Meritor, Inc. was twice served via its registered agent—once by personal service on December 6, 2019, and once by mail on the same day. *Id.* at 10 (Opposition); *see also* Dkt. No. 19-3 at 2-3 (Ex. 2, Decl. of Kanika D. Corley in Support of Motion to Dismiss).

CCP § 412.30 requires a summons to identify a corporate defendant by name. While compliance with § 412.30 is mandatory, its provisions may be satisfied with substantial compliance. *UBS Bank USA v. Pierce*, No. 13-cv-03418, 2013 U.S. Dist. LEXIS 155216, at *6 (C.D. Cal. Oct. 28, 2013); *Carol Gilbert, Inc. v. Haller*, 179 Cal. App. 4th 852, 865 (2009). Under California law, substantial compliance with statutory requirements has three conditions: (1) there must have been

---

[3] Federal Rule of Civil Procedure 4 does not apply to service of process where service was completed prior to removal to federal court. *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017). Instead, sufficiency of service is governed by state law because service occurred before removal. *Id.*

*some* degree of compliance, (2) the "objective nature and circumstances of the attempted service must have made it 'highly probable' that it would impart the same notice as full compliance," and (3) it must have provided sufficient notice "to put the defendant on his defense." *Haller*, 179 Cal. App. 4th at 866.

Moreover, California state law takes a "liberal and practical approach to service of process." *Summers v. McClanahan*, 140 Cal. App. 4th 403, 410 (2006). "It is well settled that strict compliance with statutes governing service of process is not required. Rather, in deciding whether service was valid, the statutory provisions regarding service of process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Id.* (citing *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (1998)).

Defendant Meritor relies on *Haller* to argue service of summons is defective where the summons is blank regarding statutory notice. However, *Haller* is distinguishable because in that case, the Court considered whether substantial compliance with the summons statutes was enough to sustain a plaintiff's *default judgment*. *Haller*, 179 Cal. App. 4th at 865. Further, § 412.30 does not discuss, or even contemplate, instances in which an allegedly defective summons is the basis for dismissal with prejudice.

Here, the Court finds plaintiff substantially complied with § 412.30. CT Corporation was aware it was served as the registered agent on behalf of Meritor, Inc., and not as an individual. This is evidenced by the fact that CT Corporation forwarded the SAC, summons, and other documents to Meritor, Inc. Additionally, the explicit indication in handwriting on the summons made it clear Meritor, Inc. was being sued, not an individual. In this case, both the summons and the surrounding circumstances leave no doubt Meritor, Inc. was served and its registered agent, CT Corporation, accepted the summons on its behalf. Meritor, Inc. was therefore adequately put on notice of the lawsuit and alerted to its duty to defend.

Defendant's motion to dismiss for failure of service of process is DENIED.

///

///

///

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court DISMISSES plaintiff's SAC WITHOUT prejudice for failure to state a claim. **Plaintiff may file an amended complaint on or before April 10, 2020**.

Defendant's motion is otherwise DENIED.

**IT IS SO ORDERED**.

Dated: March 10, 2020

SUSAN ILLSTON
United States District Judge