UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNUEN GARCIA,<br><br>        Plaintiff,<br><br>      v.<br><br>DOE WHITE TRUCKING COMPANY, et al.,<br><br>        Defendants. | Case No. 20-cv-00134-SI<br><br>**ORDER GRANTING DEFENDANT MERITOR, INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 47 |

On January 27, 2020, defendant Meritor, Inc. filed the instant motion to dismiss plaintiff's fourth cause of action for breach of implied warranties in plaintiff's third amended complaint. Dkt. No. 47 at 2[1] (Motion to Dismiss). Pursuant to Civil Local Rule 7-1(b) the Court hereby vacates the June 26, 2020, hearing. The motion to dismiss with prejudice is GRANTED.

**BACKGROUND**

Plaintiff Yunuen Garcia is the administrator for the Estate of Sugey A. Garcia Chavez. Dkt. No. 37 (TAC). On July 20, 2016, plaintiff's sister, Sugey A. Garcia Chavez, was traveling northbound on U.S. Highway 101 near Willits, in Mendocino County, California. Dkt. No. 37 at 3 (TAC). While Ms. Sugey Garcia approached a tractor-trailer on U.S. Highway 101, the "tractor-trailer experienced a catastrophic mechanical failure that resulted in several pieces of the brake assembly falling from the tractor-trailer." Dkt. No. 37 at 4 (TAC). Subsequently, the brake assembly pieces penetrated Ms. Sugey Garcia's car window. Dkt. No. 37 at 4 (TAC). Ms. Sugey

---

[1] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents.

1  Garcia received fatal injuries from being struck by the brake assembly pieces and passed away. Dkt.
2  No. 37 at 3 (TAC). Certain tractor-trailer parts recovered from the accident scene were marked with
3  "Frasle" and "Dayton." Dkt. No. 37 at 4 (TAC).

4  On July 18, 2018, plaintiff filed a complaint in the Superior Court of California against
5  defendants Doe White Trucking Company, Dayton Brake Drum Company, Meritor Parts Company,
6  Dayton Parts LLC, Frasle Company, and Does 1-50. Dkt. No. 47 at 1 (Motion to Dismiss).
7  Subsequently, plaintiff filed a first amended complaint on July 19, 2018, and plaintiff filed a second
8  amended complaint on April 12, 2019. On November 14, 2019, plaintiff substituted Meritor, Inc.
9  for Doe 2. Dkt. No. 47 at 1.

10 On January 6, 2020, defendant Meritor removed the case to federal court. Dkt. No. 1 (Notice
11 of Removal). Plaintiff filed a third amended complaint on April 10, 2020. Dkt. No. 37 (TAC). The
12 third amended complaint included three causes of action against Meritor: (1) strict liability, (2)
13 negligence, and (3) breach of implied warranties. Dkt. No. 37 at 4-8 (TAC). On May 26, 2020,
14 Meritor filed the instant motion to dismiss the fourth cause of action for breach of implied
15 warranties. Dkt. No. 47 (Motion to Dismiss). Plaintiff did not file an opposition.

**LEGAL STANDARD**

**Rule 12(b)(6)**

19 A complaint must contain "a short and plain statement of the claim showing that the pleader
20 is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule
21 12(b)(6). Fed. R. Civ. Pro. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege
22 "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550
23 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). This "facial plausibility" standard requires
24 the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted
25 unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While
26 courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient
27 to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555, 127 S. Ct.
28 1955. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

a cause of action will not do.' " *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

In California, privity of contract is a prerequisite for recovery on a theory of breach of implied warranties of fitness and merchantability. *Blanco v. Baxter Healthcare Corp.*, 158 Cal. App. 4th 1039, 1058–59, 70 Cal. Rptr. 3d 566, 582 (2008) (quoting *All West Electronics, Inc. v. M–B–W, Inc.*, 64 Cal. App. 4th 717, 725, 75 Cal. Rptr. 2d 509 (1998)). Generally, "no privity [exists] between the original seller and a subsequent purchaser who is in no way a party to the original sale." *Id.* However, exceptions to the general privity rule exist. *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 696, 268 P.2d 1041, 1049 (1954). First, privity is not required if the plaintiff relies on the written labels or advertisements of a manufacturer. *Id.* Second, privity is not required under special circumstances involving foodstuffs, drugs, and pesticides. *Arnold v. Dow Chem. Co.*, 91 Cal. App. 4th 698, 720, 110 Cal. Rptr. 2d 722, 739 (2001) (citing *Gottsdanker v. Cutter Labs.*, 182 Cal. App. 2d 602, 607, 6 Cal. Rptr. 320, 323 (1960)).

Plaintiff cannot plausibly allege Ms. Sugey Garcia was in privity with defendant Meritor, Inc. First, plaintiff does not allege that Ms. Sugey Garcia was a party to the original sale of the brake assembly system. California courts have determined that end consumers who buy products from retailers are not in privity with the manufacturers of those products. *Osborne v. Subaru of Am. Inc.*, 198 Cal. App. 3d 646, 656 n. 6, 243 Cal. Rptr. 815 (1988). However, plaintiff is even further removed as she did not buy any products from a retailer who obtained products manufactured by Meritor. Rather, Ms. Sugey Garcia received injuries from the tractor-trailer's brake assembly, and she had not purchased anything related to the tractor-trailer. Dkt. No. 37 at 4 (TAC).

Second, no special circumstances exist that would make privity not essential for an action to recover on the theory of breach of the implied warranties of fitness and merchantability. Plaintiff does not establish that there was any reliance on written labels or advertisements from Meritor. Furthermore, brake assembly systems are not considered foodstuffs, drugs, or pesticides. Ultimately, plaintiff cannot allege privity as a matter of California law.

## CONCLUSION

The Court GRANTS with prejudice Meritor's motion to dismiss plaintiff's breach of implied warranties claim because plaintiff cannot allege privity as a matter of California law.

The Court GRANTS Meritor's request to extend the time to file its response to plaintiff's third amended complaint until twenty days after the entering of this order.

**IT IS SO ORDERED**.

Dated: June 9, 2020

SUSAN ILLSTON
United States District Judge